UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>              Plaintiff,<br><br>v.<br><br>KENNETH L. SALAZAR, SECRETARY OF THE INTERIOR; AND ROWAN GOULD, DIRECTOR U.S. FISH AND WILDLIFE SERVICE,<br><br>              Defendants. | Case No. 09-CV-0051-JM (JMA)<br><br>**ORDER PARTIALLY GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE FOR THIRTY DAYS**<br><br>**[Doc. 12]** |

    This matter comes before the Court on the parties' joint motion to continue Early Neutral Evaluation Conference for thirty days. Good cause appearing, the Court **GRANTS** the parties' request to defer an in-person conference for thirty days. However, the Court will convene a telephonic conference prior to the in-person conference as follows:

    1. A telephonic Early Neutral Evaluation Conference will be held on **May 18, 2009** at **9:30 a.m.** <u>Counsel only</u> for each party shall participate in the conference. The Court will initiate the conference call.

    2.  An <u>in-person</u> Settlement/Case Management Conference shall be held on **June 15, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge Jan M. Adler, Room 1165, United States Courthouse, 940 Front Street, San Diego, California.  **All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>.  The individual(s) present at the Settlement/Case Management Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

    Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Settlement/Case Management Conference as required shall be cause for the immediate imposition of sanctions.**  All conference

//
//

discussions will be informal, off the record, privileged, and confidential.

**IT IS SO ORDERED.**

DATED: April 24, 2009

                                        Jan M. Adler
                                        U.S. Magistrate Judge