John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
351 California St., Suite 600
San Francisco, CA 94104
Telephone:  (323) 533-4416
Fax:  (610) 885-2187
Email:  jbuse@biologicaldiversity.org
Attorneys for Plaintiff

KAREN P. HEWITT, United States Attorney
THOMAS STAHL, Assistant United States Attorney
Southern District of California
880 Front Street, Room 6293
San Diego, California 92101

JOHN C. CRUDEN, Acting Asst. Attorney General
JEAN E. WILLIAMS, Section Chief
BRADLEY H. OLIPHANT (CA Bar No. 216468),
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P. O. Box 7369, Washington, D.C.  20044-7369
(202) 305-0500 (tel)
(202) 305-0275 (fax)
bradley.oliphant@usdoj.gov (email)
Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | CASE NO. 09-cv-051-JM-JMA |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT** |
| KENNETH L. SALAZAR, SECRETARY of the INTERIOR; and SAM HAMILTON, DIRECTOR U.S. FISH and WILDLIFE SERVICE, | |
| Defendants. | |

Plaintiff Center for Biological Diversity and Defendants Kenneth Salazar, in his official capacity as Secretary of the United States Department of the Interior, and Sam Hamilton, in his official capacity as Director of United States Fish and Wildlife Service ("Service") and by and through their undersigned counsel, state as follows:

1   WHEREAS, on April 12, 2005, the Service published a final rule designating critical

2   habitat for the federally endangered Riverside fairy shrimp (*Streptocephalus woottoni*) pursuant

3   to the Endangered Species Act ("ESA").  *See* Endangered and Threatened Wildlife and Plants;

4   Designation of Critical Habitat for Riverside fairy shrimp (*Streptocephalus woottoni*), 70 Fed.

5   Reg. 19154 ("Final Rule");

6   WHEREAS, on August 28, 2007, Plaintiff provided the Service with a 60-day notice of

7   intent to sue the Service regarding the Final Rule;

8   WHEREAS, on January 14, 2009, Plaintiff filed the above-captioned action to challenge

9   the Final Rule and compel the Service to revise its critical habitat designation for the Riverside

10   fairy shrimp;

11   WHEREAS, on March 23, 2009, the Service filed an answer to Plaintiff's complaint,

12   denying that the Final Rule was unlawful;

13   WHEREAS, the parties, through their authorized representatives, and without any

14   admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have

15   reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the

16   disputes set forth in Plaintiff's complaint;

17   WHEREAS, the parties agree that settlement of this action in this manner is in the public

18   interest and is an appropriate way to resolve the dispute between them;

19   NOW, THEREFORE, the parties hereby stipulate and agree as follows:

20   1.   On or before May 20, 2011, the Service shall submit to the Federal Register a

21   new proposed rule to designate critical habitat for the Riverside fairy shrimp.  On or before

22   November 15, 2012, the Service shall submit to the Federal Register a final determination on the

23   proposed rule.  This Settlement Agreement ("Agreement") only requires Defendants to take

24   action by the deadlines specified herein and does not limit the Service's authority with regard to

25   the substantive outcome of any determination.  To challenge any final rule issued in accordance

26   with this Agreement, Plaintiff will be required to file a separate action.

27   2.   Until the effective date of the final determination referenced in Paragraph 1, the

28   existing Final Rule and designation of critical habitat for the Riverside fairy shrimp shall remain

in full force and effect. *See* Endangered and Threatened Wildlife and Plants; Designation of Critical Habitat for Riverside fairy shrimp (*Streptocephalus woottoni*), 70 Fed. Reg. 19154 (April 12, 2005).

3.     Either party may seek to modify the deadlines specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4 below.

4.     The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet a deadline and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.     No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a lawful designation of critical habitat, or a lawful timetable for designation of critical habitat, in any other proceeding involving the Service's implementation of the ESA.

/ / /

6.    Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $5,781.50.  A check will be made payable in that amount to the Center for Biological Diversity, P.O. Box 710, Tucson, AZ  85702-0710. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the order approving this Agreement.

7.    Plaintiff agrees to accept payment of $5,781.50 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Agreement.

8.    Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

9.    The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action.  By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10.    Subject to the qualifications in Paragraph 11, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

1    11.    Nothing in this Agreement shall be interpreted as, or shall constitute, a

2  requirement that Defendants are obligated to pay any funds exceeding those available, or take

3  any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other

4  applicable appropriations law.

5    12.    The parties agree that this Agreement was negotiated in good faith and that this

6  Agreement constitutes a settlement of claims that were denied and disputed by the parties.  By

7  entering into this Agreement, the parties do not waive any claim or defense.

8    13.    The undersigned representatives of each party certify that they are fully

9  authorized by the party or parties they represent to agree to the Court's entry of the terms and

10  conditions of this Agreement and do hereby agree to the terms herein.

11    14.    The terms of this Agreement shall become effective upon entry of an order by the

12  Court ratifying the Agreement.

13    15.    Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint

14  shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the

15  parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee

16  compliance with the terms of this Agreement and to resolve any motions to modify such terms.

17  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

18  Dated: November 16, 2009                    Respectfully submitted,

19                                                        s/ John Buse
                                                      John Buse (Cal. Bar No. 163156)
20                                                    CENTER FOR BIOLOGICAL DIVERSITY
                                                      351 California St., Suite 600
21                                                    San Francisco, CA 94104
                                                      Telephone:  (323) 533-4416
22                                                    Fax:  (610) 885-2187
                                                      Email:  jbuse@biologicaldiversity.org
23                                                    Attorneys for Plaintiff

24                                                    JOHN C. CRUDEN, Acting A.A.G.
25                                                    JEAN E. WILLIAMS, Section Chief
                                                       s/ Bradley H. Oliphant
26                                                    BRADLEY H. OLIPHANT, Trial Attorney
                                                      (Cal. Bar No. 216468)
27                                                    Wildlife & Marine Resources Section
                                                      Ben Franklin Station, P.O. Box 7369
28                                                    Washington, DC 20044-7369

1

2   Phone: (202) 305-0500
    Fax: (202) 305-0275
3   Email: bradley.oliphant@usdoj.gov
    Attorney for Federal Defendants

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiffs,

v.

KENNETH L. SALAZAR, SECRETARY of
the INTERIOR; and SAM HAMILTON,
DIRECTOR U.S. FISH and WILDLIFE
SERVICE,

    Defendants.

CASE NO. 09-cv-051-JM-JMA

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 16, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such to the

attorneys of record.

                                     *s/ Bradley H. Oliphant*

                                      BRADLEY H. OLIPHANT

CoS